UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Trustees of the Teamsters Local 456 Pension, Health & Welfare Annuity, Education & Training, S.U.B., Industry Advancement and Legal Services Fund and the Westchester Teamsters Local Union No. 456,<br><br>Plaintiffs,<br><br>v.<br><br>ANTONUCCI FARREN LLC,<br><br>Defendant. | Civil Action No.: 08 CIV 0573 (CLB)<br><br>Honorable Charles L. Brieant, U.S.D.J.<br>United States District Judge<br><br>**ANSWER TO COMPLAINT AND SEPARATE DEFENSES**<br><br>[Document Filed Electronically] |

Defendant Antonucci Farren LLC, ("Defendant"), by way of Answer to the Complaint of plaintiffs, Trustees of the Teamsters Local 456 Pension, Health & Welfare, Annuity, Education & Training, S.U.B., Industry Advancement and Legal Services Funds, ("Funds"), and the Westchester Teamsters Local Union No. 456, ("Union"), says:

### JURISDICTION AND VENUE

1.      The allegations contained in paragraph 1 contain legal conclusions to which no response is required.

2.      The allegations contained in paragraph 2 contain legal conclusions to which no response is required.

3.      The allegations contained in paragraph 3 contain legal conclusions to which no response is required.

4.      The allegations contained in paragraph 4 contain legal conclusions to which no response is required.

549425_1

## PARTIES

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. The allegations contained in paragraph 10 contain legal conclusions to which no response is required.

11. Defendant admits that it is a Limited Liability Corporation organized under the laws of the State of New York. Denies the balance of the allegations contained within paragraph 11.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF

12. Defendant neither admits nor denies the allegations contained in paragraph 12 as the terms of the contract referenced in paragraph 12 of the Complaint speak for themselves.

13. Defendant neither admits nor denies the allegations contained in paragraph 13 of the Complaint, as the terms of the contract referenced in paragraph 13 speak for themselves.

14. Defendant denies the allegations contained within paragraph 14, as stated.

15. Defendant denies the allegations contained within paragraph 15.

549425_1

16. Defendant denies the allegations contained within paragraph 16.

17. Defendant denies the allegations contained within paragraph 17.

18. Defendant neither admits nor denies the allegations contained in paragraph 18 of the Complaint as the terms of the contract referenced in paragraph 18 speak for themselves.

19. Defendant denies the allegations contained within paragraph 19.

## AS AND FOR THE SECOND CLAIM FOR RELIEF

20. Defendant repeats its answers to each and every allegation above as if set forth herein at length.

21. The allegations contained in paragraph 21 contain legal conclusions to which no response is required.

22. Defendant denies the allegations contained within paragraph 22.

23. The allegations contained in paragraph 23 contain legal conclusions to which no response is required.

24. Defendant denies the allegations contained within paragraph 24.

25. Defendant denies the allegations contained within paragraph 25.

26. Defendant denies the allegations contained within paragraph 26.

## AS AND FOR THE THIRD CLAIM FOR RELIEF

27. Defendant repeats its answers to each and every allegation above as if set forth herein at length.

28. The allegations contained in paragraph 28 contain legal conclusions to which no response is required. To the extent a responsive pleading is required, the terms of the referenced contract speak for themselves.

29. Defendant denies the allegations contained within paragraph 29, as stated.

549425_1

30. Defendant denies the allegations contained within paragraph 30.

### AS AND FOR A FOURTH CLAIM FOR RELIEF

31. Defendant repeats its answers to each and every allegation above as if set forth herein at length.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33. The allegations contained in paragraph 33 contain legal conclusions to which no response is required.

34. Defendant denies the allegations contained within paragraph 34.

35. Defendant denies the allegations contained within paragraph 35.

### SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief can be granted as alleged against Travelers.

### SECOND SEPARATE DEFENSE

Upon information and belief, the claims asserted in the Complaint may be barred by the applicable statute of limitations.

### THIRD SEPARATE DEFENSE

Upon information and belief, the claims asserted in the Complaint may be barred by the equitable doctrines of laches and/or waiver.

### FOURTH SEPARATE DEFENSE

Upon information and belief, the claims asserted in the Complaint may be barred by the doctrine of equitable estoppel.

549425_1

## FIFTH SEPARATE DEFENSE

The Complaint may be subject to dismissal for failure to join necessary and indispensable parties to this action, including parties whose identities are currently unknown to Defendant. Defendant expressly reserves its right to assert a Third Party Complaint against other parties, including other insurers of Plaintiffs, once the identity of those parties become known to Defendant.

## SIXTH SEPARATE DEFENSE

The Complaint does not describe the claims made against Defendant with sufficient particularity to enable Defendant to determine all defenses it has in response to this suit. Defendant therefore reserves its right to assert any and all additional defenses that may be pertinent to the Complaint once the precise nature of each claim is ascertained through discovery and investigation.

## SEVENTH SEPARATE DEFENSE

The Complaint is barred by the plaintiffs' failure to mitigate damages.

## EIGHTH SEPARATE DEFENSE

No employees of the Fund or the Union were employed by Defendant during the months of July 2007, September 2007 or October 2007.

## NINTH SEPARATE DEFENSE

During the relevant time period, Defendant was not required to submit contribution reports, fringe benefit contributions or dues check-offs to the Fund or the Union.

## TENTH SEPARATE DEFENSE

The court lacks subject matter jurisdiction over the case in controversy and personal jurisdiction over the Defendant.

549425_1

## ELEVENTH SEPARATE DEFENSE

Plaintiffs have failed to effect proper service of process upon the Defendant.

## TWELFTH SEPARATE DEFENSE

The Complaint is barred by doctrine of set-off.

## THIRTEENTH SEPARATE DEFENSE

Plaintiffs' claims against the Defendant are frivolous, without basis in law or fact, brought in bad faith, for an improper purpose and without proper evidentiary support in violation of the Federal Rules. Accordingly, Defendant will seek all remedies available pursuant to the Federal Rules of Civil Procedure.

## FOURTEENTH SEPARATE DEFENSE

Defendant reserves the right to assert additional defenses and/or supplement, alter and/or change this Answer upon the revelation of more definite facts by the parties to this suit and completion of discovery and investigation, including any and all defenses set forth in the Labor Management Relations Act of 1947 and the Employee Retirement Income Security Act.

**WHEREFORE**, Defendant demands judgment dismissing the Complaint with prejudice and awarding Defendant reasonable attorneys' fees, interest, costs of suit and such other and further relief as the Court may deem just and proper.

By: /s/Barry J. Muller
Barry J. Muller, Esq. (BM5305)
GRAHAM CURTIN, P.A.
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
(973) 292-1700

Attorneys for Defendant
Antonucci Farren, LLC

Dated: February 27, 2008

549425_1

## DECLARATION OF SERVICE

Pursuant to Fed. R. Civ. P. 5 and 28 U.S.C. §1746, the undersigned member of the bar of this Court hereby declares that one (1) true copy of the foregoing Answer and Separate Defenses, together with this declaration of service, was served via Electronic Filing and Regular Mail upon counsel of record for plaintiffs addressed as follows:

>Karin Arrospide, Esq.
>Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC
>258 Saw Mill River Road
>Elmsford, New York 10523
>*Attorneys for Plaintiffs*

The undersigned hereby declares under penalty of perjury that the foregoing declaration of service is true and correct.

>By:   /s/Barry J. Muller
>Barry J. Muller, Esq. (BM5305)
>GRAHAM CURTIN, P.A.
>4 Headquarters Plaza
>P.O. Box 1991
>Morristown, New Jersey 07962-1991
>(973) 292-1700
>
>Attorneys for Defendant
>Antonucci Farren, LLC

Dated: February 27, 2008

549425_1